IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JUSTIN ASSAD COOKE,** | : | **CIVIL ACTION NO. 1:20-CV-2069** |
| | : | |
| **Petitioner** | : | **(Judge Conner)** |
| | : | |
| v. | : | |
| | : | |
| **MICHAEL ZAKEN,** *et al.*, | : | |
| | : | |
| **Respondents** | : | |

### MEMORANDUM

This is a habeas corpus case brought pursuant to 28 U.S.C. § 2254. Petitioner, Justin Assad Cooke, challenges his 2015 conviction and sentence in the Dauphin County Court of Common Pleas for first-degree murder and criminal conspiracy. We will deny the petition for writ of habeas corpus with prejudice as untimely.

**I.      Factual Background & Procedural History**

On October 15, 2015, Cooke was convicted of first-degree murder and criminal conspiracy arising from the killing of Ronald McGruder, following a jury trial in the Dauphin County Court of Common Pleas. Commonwealth v. Cooke, No. 450 MDA 2016, 2017 WL 3444066, at *1-2 (Pa. Super. Ct. Aug. 11, 2017). Cooke appealed to the Pennsylvania Superior Court, arguing that the convictions were against the weight of the evidence and that the trial court erred by denying two of his motions in limine. Id. at *2. The Superior Court affirmed. Id. at *6. Cooke filed a petition for allowance of appeal to the Pennsylvania Supreme Court, which was

denied on January 8, 2018. Commonwealth v. Cooke, 178 A.3d 107 (2018). Cooke did not file a petition for writ of certiorari to the United States Supreme Court.

Cooke filed a petition for state collateral relief under Pennsylvania's Post-Conviction Relief Act ("PCRA") on March 12, 2018. Commonwealth v. Cooke, 237 A.3d 458, 458 (Pa. Super. Ct. 2020). Counsel was appointed to represent him, but moved to withdraw from the representation on October 10, 2018. Id. The Court of Common Pleas granted counsel's motion to withdraw on November 7, 2018 and dismissed the PCRA petition on December 3, 2018. Id. Cooke did not timely appeal. Instead, he filed a motion for leave to appeal *nunc pro tunc* on February 6, 2019. Id. The Court of Common Pleas denied the motion on February 19, 2019. Id. The Superior Court affirmed on May 18, 2020. Id. at 458-49. Cooke did not file any additional appeals regarding his PCRA petition.

Cooke filed the instant petition on October 22, 2020, and the court received and docketed the petition on November 10, 2020. (Doc. 1). Cooke's petition advances sixteen claims for habeas corpus relief, three of which he previously raised on direct appeal, nine of which he raised in PCRA proceedings, and four of which were never raised in state court. (Id.) Respondents responded to the petition on March 22, 2021. (Doc. 15). Respondents argue that the claims Cooke raised in his PCRA petition are procedurally defaulted and that Cooke's petition is untimely. (Id. at 5, 12). Respondents further argue that even if they are considered timely, the claims that Cooke previously raised on direct appeal fail on their merits. (Id. at 12). Cooke filed a reply brief in support of his petition on June 1, 2021. (Doc. 20). Cooke's arguments are enumerated in the discussion section below.

**III.     Discussion**

We will first address respondents' timeliness argument. Petitions for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 are subject to a one-year statute of limitations, which begins to run from the latest of:

> **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> **(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The limitations period is tolled during the pendency of a "properly filed" application for post-conviction relief in state court. Id. § 2244(d)(2). The limitations period may also be tolled under the equitable tolling doctrine or the actual innocence exception, both of which must be established by petitioner. See McQuiggin v. Perkins, 569 U.S. 383, 386 (2013); Pace v. Diguglielmo, 544 U.S. 408, 418 (2005).

At the outset, we must determine the date on which the one-year limitations period began to run. Respondents contend that the limitations period began to run when Cooke's judgment of sentence became final pursuant to Section 2244(d)(1)(A). (See Doc. 15 at 5). Cooke argues to the contrary that the limitations period for his

3

petition should be calculated from the time that state-imposed impediments to the filing of the petition were removed pursuant to Section 2244(d)(1)(B). (Doc. 20 at 10). Cooke alleges that two such impediments were present. First, he asserts that Pennsylvania's procedural rule requiring petitioners to raise ineffective assistance of counsel claims through PCRA petitions impeded his ability to timely file. (Id.) Second, he asserts that his ability to timely file was hindered when prison officials confiscated his legal files from November 6, 2019 to "on or about October 23, 2020." (Id. at 11). Thus, Cooke argues that the limitations period should be deemed to run from either May 18, 2020 (the date on which the Superior Court affirmed the denial of his motion for leave to appeal *nunc pro tunc*) or October 23, 2020 (the date on which prison officials returned his legal files). (Id. at 10-11).

We agree with respondents that the date Cooke's judgment of sentence became final is the proper starting point for the limitations period. Section 2244(d)(1)(B) is inapposite because there is no indication in the record that state action prevented Cooke from timely filing his petition. See 28 U.S.C. § 2244(d)(1)(B) (stating that Section 2244(d)(1)(B) only applies "if the applicant was prevented from filing by such State action").

Pennsylvania's procedural rules for the filing of PCRA petitions did not impede Cooke's ability to timely file his petition. The limitations period for federal habeas corpus petitions is tolled during the time in which a "properly filed application for State post-conviction or other collateral review . . . is pending." Id. § 2244(d)(2). Federal law also recognizes a habeas corpus petitioner's ability to protectively file for federal habeas corpus relief and move to stay the federal case

4

pending the petitioner's attempt to exhaust state court remedies. See, e.g., Rhines v. Weber, 544 U.S. 269, 277-78 (2005). Thus, Cooke's pursuit of PCRA relief—and Pennsylvania rules requiring him to pursue such relief—did not prevent him from timely filing this petition.

Cooke's argument regarding the purported confiscation of his legal materials is similarly unavailing. Cooke asserts that his legal materials were confiscated from November 6, 2019 to October 23, 2020, (see Doc. 20 at 10), but his petition for writ of habeas corpus indicates that it was presented to prison officials for filing on October 22, 2020. (See Doc. 1 at 46). Thus, even if we assume the truth of Cooke's assertion that his legal materials were confiscated, it is clear that the confiscation did not prevent him from timely filing his petition because he filed the petition before the legal materials were returned to him. We accordingly find that the limitations period for Cooke's petition began to run when his judgment of sentence became final on April 9, 2018, the last date on which Cooke could have petitioned for a writ of certiorari to the United States Supreme Court. See 28 U.S.C. § 2244(d)(1)(A).

Cooke is entitled to statutory tolling of the limitations period from March 12, 2018, when Cooke timely filed a PCRA petition, to January 2, 2019, the last date on which Cooke could have appealed the dismissal of his PCRA petition to the Pennsylvania Superior Court. See 28 U.S.C. § 2244(d)(2); PA. R. APP. P. 903(a). Cooke's motion for leave to appeal the PCRA dismissal *nunc pro tunc* did not extend this statutory tolling period. Motions for leave to appeal *nunc pro tunc* do not extend the statutory tolling period under Section 2244(d)(2), regardless of whether the motions are ultimately granted. Martin v. Administrator N.J. State Prison, 23

5

F.4th 261, 271-72 (3d Cir. 2022), *petition for writ of certiorari docketed sub nom.* Martin v. Johnson, No. 22-5255 (U.S. Aug. 2, 2022); Douglas v. Horn, 359 F.3d 257, 261-63 (2004).

The limitations period accordingly began to run when statutory tolling expired on January 2, 2019, and Cooke needed to file his petition no later than January 2, 2020 to comply with AEDPA's one-year statute of limitations. His petition, which was not filed until October 22, 2020, is facially untimely and is subject to dismissal unless he can show that equitable tolling or the actual innocence exception are appropriate.

Cooke argues that the limitations period should be equitably tolled for three reasons. First, because the Court of Common Pleas' decision allowing PCRA counsel to withdraw from the case "contributed to the petitioner[']s delay in filing." (Id. at 5-7). Second, because of the confiscation of his legal documents from November 6, 2019 to October 23, 2020. (Id. at 7). And third, because restrictions on prisoner law library access during the COVID-19 pandemic has made it difficult to conduct legal research and hindered his ability to find the statute of limitations applicable to his habeas corpus petition. (Id. at 8-9).

The equitable tolling doctrine allows a court to toll the limitations period when the petitioner has been pursuing his rights diligently, but extraordinary circumstances prevented him from timely filing his petition. Holland v. Florida, 560 U.S. 631, 649 (2010) (citing Pace, 544 U.S. at 418). The petitioner bears the burden of showing that he is entitled to equitable tolling. Pace, 544 U.S. at 418.

6

Cooke's arguments for equitable tolling are without merit. First, Cooke's PCRA counsel withdrew from representing him on November 7, 2018, nearly two years before the filing of his federal habeas corpus petition. See Cooke, 237 A.3d at 458. Cooke does not explain how an event that occurred so long before the filing of his petition could have prevented him from timely filing. Second, the confiscation of his legal materials does not entitle him to equitable tolling because, as noted above, he prepared and filed his habeas petition during the alleged period of confiscation. Hence, the purported confiscation did not prevent him from timely filing the petition. Finally, there is no reasonable basis to conclude that restrictions caused by the COVID-19 pandemic prevented Cooke from timely filing. Although the first cases of COVID-19 occurred sometime in late 2019, the court takes judicial notice that the pandemic did not substantially affect life in the United States until March 2020, and the Pennsylvania Department of Corrections did not implement substantial restrictions on inmates' movement until that month. See *Department of Corrections Quarantines State Prison System to Fight COVID-19, Protect Inmates and Staff*, DEPARTMENT OF CORRECTIONS (Mar. 30, 2020), https://www.media.pa.gov/pages/corrections_details.aspx?newsid=455. The limitations period for Cooke's petition, as noted above, expired on January 2, 2020. Obviously, restrictions implemented two months after that deadline did not prevent Cooke from timely filing the instant petition.

Cooke is likewise not entitled to relief under the actual innocence exception. The statute of limitations for habeas corpus petitions under Section 2254 may be excused if the petitioner makes an adequate showing of his actual innocence, but

the petitioner bears a heavy burden to meet this exception and can only do so if he can show that no reasonable juror "would have voted to find him guilty beyond a reasonable doubt."  See Satterfield v. Dist. Att'y of Philadelphia, 872 F.3d 152, 163 (3d Cir. 2017) (quoting McQuiggin, 569 U.S. at 386).  Cooke has failed to meet this burden because he has not advanced any actual innocence argument.

In sum, we conclude that Cooke's petition is untimely and that he is not entitled to equitable tolling of the limitations period or relief under the actual innocence exception.  Having reached this conclusion, we will not address the merits of Cooke's claims or respondents' procedural default argument.

## IV.    Conclusion

We will deny the petition (Doc. 1) for writ of habeas corpus with prejudice as untimely.  A certificate of appealability will not issue because jurists of reason would not debate the correctness of this procedural ruling.  Slack v. McDaniel, 529 U.S. 473, 484 (2000).  An appropriate order follows.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:    September 14, 2022